VKF/EEW
08693-086722

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOSE ROBLES,

                            Plaintiff,

              -against-

MEDISYS HEALTH NETWORK, INC. d/b/a
JAMAICA HOSPITAL MEDICAL CENTER, and
JOHN DOE Nos. 1 to 10 *Individually and in their
Official Capacities*, and JANE ROE Nos. 1 to 10
*Individually and in their Official Capacities*,

                        Defendants.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW**

Index No.: 19-cv-06651-ARR-RML

*/s/ Valerie K. Ferrier*
Valerie K. Ferrier, Esq.
Edward E. Warnke, Esq.
Martin Clearwater & Bell, LLP
*Attorneys for Defendant*
*Medisys Health Network, Inc. d/b/a*
*Jamaica Hospital Medical Center*
220 East 42nd Street, 13th Fl.
New York, NY 10017
Tel: (212) 916-0920
valerie.ferrier@mcblaw.com
edward.warnke@mcblaw.com

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ............................................................................ 1

II.   PLAINTIFF IS BOUND BY HIS PREVIOUS ALLEGATIONS/ADMISSIONS ................. 3

III.  LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO 12(b)(6) .............. 5

IV.  ARGUMENT ................................................................................................. 6

    A.   Plaintiff Fails to State a Claim Under the ADA (First Cause of Action) .............. 6

        1.   Plaintiff Fails to State a Claim for Discrimination Under the ADA .......... 6

            a.   Plaintiff Is Not Disabled Within the Meaning of the ADA ........... 7

            b.   Plaintiff Did Not Suffer Adverse Employment Action Because of a Disability ............................................................... 10

        2.   Plaintiff Fails to State a Discrimination Claim Based on Failure to Accommodate ....................................................................... 11

        3.   Plaintiff Fails to State a Claim for Retaliation Under the ADA ............. 13

    B.   Plaintiff Fails to State a Claim Under the FMLA (Second Cause of Action) ....... 15

        1.   Plaintiff Fails to State a Claim for Interference Under the FMLA .......... 16

        2.   Plaintiff Fails to State a Claim for Retaliation Under the FMLA ............ 18

    C.   Plaintiff's Remaining State and City Law Claims Should be Dismissed ............ 19

        1.   Plaintiff Fails to State a Claim Under the NYSHRL (Third Cause of Action) .............................................................. 19

        2.   Plaintiff Fails to State a Claim Under the NYCHRL (Fifth Cause of Action) ............................................................... 20

            a.   Plaintiff Fails to State a Claim for Disability Discrimination Under the NYCHRL .................................................... 20

            b.   Plaintiff Fails to State a Claim for Retaliation Under the NYCHRL ................................................................... 20

        3.   Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Seventh Cause of Action) ...................................................... 21

        4.   Plaintiff Fails to State a Claim for Negligent Hiring, Training, Retention and/or Supervision (Eighth Cause of Action) ........................ 24

V.    CONCLUSION .............................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                    **Page(s)**

*Adams v. Citizens Advice Bureau,*
187 F.3d 315 (2d Cir.1999)........................................................................................ 9

*Ahluwalia v. St. George's Univ., LLC,*
63 F. Supp. 3d 251 (E.D.N.Y. 2014) ...................................................................... 25

*Anderson v. Nat'l Grid, PLC,*
93 F. Supp. 3d 120 (E.D.N.Y. 2015) ........................................................................ 8

*Austin v. Ford Models. Inc.,*
149 F.3d 148 (2d Cir. 1998)....................................................................................... 4

*Baez v. Jetblue Airways Corp.,*
2009 U.S. Dist. LEXIS 67020 (E.D.N.Y. Aug. 3, 2009)....................................... 25

*Baez v. Jetblue Airways,* 7
45 F. Supp. 2d 214 (E.D.N.Y. 2010) ........................................................................ 9

*Barletta v. Life Quality Motor Sales Inc.,*
2016 U.S. Dist. LEXIS 123506 (E.D.N.Y. Sep. 12, 2016)..................................... 17

*Barnville v. Mimosa Cafe,*
2014 U.S. Dist. LEXIS 94691, 2014 WL 3582878 (S.D.N.Y. July 10, 2014) ............ 25

*Bey v. City of New York,*
2020 WL 467507 (E.D.N.Y. Jan. 29, 2020) .............................................................. 8

Brennan v. New York City Police Dep't,
141 F.3d 1151 (2d Cir.1998)....................................................................................... 3

*Brightman v. Prison Health Serv., Inc.,*
108 A.D.3d 739 (2d Dep't 2013) ............................................................................. 21

*Brown v. St. John's Univ.,*
2010 U.S. Dist. LEXIS 147090 (E.D.N.Y. June 28, 2010) ....................................... 5

*Brown v. The Pension Boards,*
488 F. Supp. 2d 395 (S.D.N.Y. 2007)...................................................................... 13

*Brzak v. United Nations,*
597 F.3d 107 (2d Cir. 2010)...................................................................................... 19

*Carruthers v. Flaum,*
388 F.Supp.2d 360 (S.D.N.Y. 2005)........................................................................ 21

*Ceban v. Capital Mgmt. Servs., L.P.*,
2018 U.S. Dist. LEXIS 7389 (E.D.N.Y. Jan. 17, 2018) ............................................................. 1, 6

*Cedrick Towns v. Kipp Metro Atlanta Collaborative*,
2019 U.S. Dist. LEXIS 189992 (N.D. Ga. July 30, 2019) ......................................................... 16

*Chauca v. AdvantageCare Physicians, P.C.*,
2019 U.S. Dist. LEXIS 152074 (E.D.N.Y. Sep. 5, 2019) .......................................................... 21

*Clark v. Jewish Childcare Ass'n*,
96 F. Supp. 3d 237 (S.D.N.Y. 2015) ........................................................................................ 14

*Colliton v. Cravath*,
2008 U.S. Dist. LEXIS 74388 (S.D.N.Y. Sep. 23, 2008) ............................................................ 5

*Coutard v. Mun. Credit Union*,
848 F.3d 102 (2d Cir. 2017) ...................................................................................................... 15

*Cusack v. Maloney*,
2011 WL 710218, 2011 U.S. Dist. LEXIS 17037 (W.D.N.Y. Feb. 22, 2011) ............................ 9

*Daly v. Metropolitan Life Ins. Co.*,
4 Misc. 3d 887 (N.Y. Cnty. Sup Ct 2004) ................................................................................ 23

*D'Amico v. City of N.Y.*,
132 F.3d 145 (2d Cir. 1998) ........................................................................................................ 3

*Davis v. New York City Health & Hosps. Corp.*,
508 Fed. Appx. 26  (2d Cir. 2013) ........................................................................................... 12

*Davis v. Williamson*,
2009 U.S. Dist. LEXIS 3547, 2009 WL 136815 (M.D. Pa. Jan. 20, 2009) ................................. 4

*De Figueroa v. N.Y. State*,
403 F. Supp. 3d 133 (E.D.N.Y. 2019) ...................................................................................... 16

*Dechberry v. N.Y.C. Fire Dep't*,
124 F. Supp. 3d 131 (E.D.N.Y. 2015) ........................................................................................ 6

*Deloatch v. Harris Teeter, Inc.*, 7
97 F. Supp. 2d 48 (D.D.C. 2011) .............................................................................................. 16

*Diaz v. Local 338 of the Retail, Wholesale, Dep't Store Union, United Food
& Commercial Workers*,
2015 U.S. Dist. LEXIS 86777 (E.D.N.Y. May 15, 2015) ........................................................... 7

*Diaz v. Local 338 of the Retail, Wholesale, Dep't Store Union, United Food & Commercial Workers,*
2015 U.S. Dist. LEXIS 86648 (E.D.N.Y. July 2, 2015) .................................................... 7

*Doe v. Guthrie Clinic,*
22 N.Y. 3d 480 (N.Y. 2014) ............................................................................................ 21

*Dooley v. JetBlue Airways Corp.,*
636 F. App'x 16 (2d Cir. 2015) ...................................................................................... 13

*Enzymotec Ltd. v. NBTY, Inc.,*
754 F. Supp. 2d 527 (E.D.N.Y. 2010) ...................................................................... 10, 22

*Epstein v. County of Suffolk,*
2015 U.S. Dist. LEXIS 113079 (E.D.N.Y. Aug. 26, 2015) ............................................ 8

*Eskenazi-Mcgibney v. Connetquot Cent. Sch. Dist.,*
84 F. Supp. 3d 221 (E.D.N.Y. 2015) .............................................................................. 19

*Fernandez v. Windmill Distrib. Co.,*
159 F. Supp. 3d 351 (S.D.N.Y. 2016) ............................................................................ 17

*Francis v. Wyckoff Heights Med. Ctr.,*
177 F. Supp. 3d 754 (E.D.N.Y. 2016) ............................................................................ 12

*Fraser v. MTA Long Island Rail Rd.,*
307 F. Supp. 3d 105 (E.D.N.Y. 2018) ............................................................................ 19

*Garmhausen v. Holder,*
757 F. Supp. 2d 123, 134 (E.D.N.Y. 2010) ..................................................................... 6

*Geromanos v. Columbia Univ.,*
322 F. Supp. 2d 420 (S.D.N.Y. 2004) ............................................................................ 17

*Gibbon v. City of N.Y.,*
2008 U.S. Dist. LEXIS 106671 (S.D.N.Y. Nov. 25, 2008) ............................................ 8

*Gonzalez v. City of N.Y.,*
377 F. Supp. 3d 273 (S.D.N.Y. 2019).............................................................................. 20

*Goodwin v. MTA Bus Co.,*
2017 WL 1251091 (E.D.N.Y. Mar. 27, 2017).................................................................. 12

*Gratton v. UPS, Inc.,*
2008 U.S. Dist. LEXIS 108700 (E.D.N.Y. Nov. 14, 2008).............................................. 22

*Graves v. Finch Pruyn & Co.,*
353 Fed.App'x. 558 (2d Cir. 2009).................................................................................. 12

*Gray v. Onondaga-Cortland-Madison Bd. of Coop. Educ. Servs.*, 2
020 U.S. Dist. LEXIS 36231 (N.D.N.Y. Mar. 3, 2020)................................................. 13

*Graziadio v. Culinary Inst. of Am.*,
817 F.3d 415 (2d Cir. 2016).......................................................................................... 16

Hedges v. Town of Madison,
456 Fed.Appx. 22 (2d Cir. 2012).................................................................................... 8

*Honohan v. Martin's Food of S. Burlington*,
255 A.D.2d 627 (3d Dep't 1998)................................................................................... 24

*Horsting v. St. John's Riverside Hosp.*,
2018 U.S. Dist. LEXIS 65724 (S.D.N.Y. Apr. 18, 2018)............................................. 18

*Hui-Wen Chang v. N.Y.C. Dep't of Educ.*,
412 F. Supp. 3d 229 (E.D.N.Y. 2019) .......................................................................... 21

*In re China XD Plastics Co. Ltd. Sec. Litig.*,
2016 U.S. Dist. LEXIS 37951 (S.D.N.Y. Mar. 23, 2016) ............................................ 22

*Jacobs v. N.Y.C. Dep't. of Educ.*,
2013 U.S. Dist. LEXIS 203768 (E.D.N.Y. Jan. 31, 2013) ............................................ 9

*Jarrell v. Hosp. for Special Care*,
626 Fed. Appx. 308 (2d Cir. 2015)............................................................................... 11

*Jurado v. Kalache*,
29 Misc. 3d 1005 (Westchester Cnty. Sup. Ct. 2010)................................................... 23

*Kasparov v. Ambit Tex., LLC,* 2
016 U.S. Dist. LEXIS 158654 (E.D.N.Y. Nov. 10, 2016)............................................. 5

*Kasparov v. Ambit Tex., LLC*, 2
016 U.S. Dist. LEXIS 31637 (E.D.N.Y. Mar. 10, 2016) .............................................. 4

*Kho v. N.Y. & Presbyterian Hosp.*, 3
44 F. Supp. 3d 705 (S.D.N.Y. 2018)............................................................................. 13

*Klaper v. Cypress Hills Cemetery*,
2014 U.S. Dist. LEXIS 46470 (E.D.N.Y. Mar. 31, 2014) ............................................. 3

*Kruger v. Hamilton Manor Nursing Home*,
10 F. Supp. 3d 385 (W.D.N.Y. 2014) ............................................................................ 7

*Lievre v. JRM Constr. Mgmt., LLC*,
2019 U.S. Dist. LEXIS 161449 (S.D.N.Y. Sep. 20, 2019)........................................... 13

*Lightman v. Flaum*,
97 NY2d 128, 136 (2001) ................................................................................ 23

*Lowry v. Eastman Kodak Co.*,
14 F. App'x 27 (2d Cir. 2001) ........................................................................ 12

*Macshane v. City of New York,*
2015 U.S. Dist. LEXIS 36099 (E.D.N.Y. Mar. 23, 2015) ...................................... 15, 21

*Martinez v. N.Y. State Div. of Human Rights,*
2015 U.S. Dist. LEXIS 12536 (S.D.N.Y. Feb. 2, 2015) ........................................ 8

*Maryam Ayazi v. N.Y.C. Dep't of Educ.*,
2011 U.S. Dist. LEXIS 12200 (E.D.N.Y. Feb. 7, 2011) ...................................... 9

*Mauze v. CBS Corp.*,
340 F. Supp. 3d 186 (E.D.N.Y. 2018) .............................................................. 20

*McMillan v. City of New York,*
711 F.3d 120 (2d Cir. 2013) ............................................................................ 12

*Millea v. Metro-North R.R.*,
658 F.3d 154 (2d Cir. 2011) ............................................................................ 16

*Missick v. City of New York,*
707 F. Supp. 2d 336 (E.D.N.Y. 2010) .............................................................. 14

*Mitchell v. Washingtonville Cent. Sch. Dist.*,
190 F.3d 1 (2d Cir. 1999) .............................................................................. 11

*Moore v. City of N.Y.*,
2017 U.S. Dist. LEXIS 379 (S.D.N.Y. Jan. 3, 2017) .......................................... 19

*N.U. v. E. Islip Union Free Sch. Dist.*,
2017 U.S. Dist. LEXIS 224461 (E.D.N.Y. Sep. 15, 2017) .................................... 25

*Nat'l Abortion Fed'n v. Ashcroft*,
2004 U.S. Dist. LEXIS 4530 (S.D.N.Y. Mar. 18, 2004) ...................................... 22

*Norman v. Metro. Transp. Auth.*,
2014 U.S. Dist. LEXIS 129010 (E.D.N.Y. Sep. 15, 2014) .................................... 22

*Official Comm. of Unsecured Creditors of Color Tile. Inc. v. Coopers & Lybrand, LLP*,
322 F.3d 147 (2d Cir. 2003) ............................................................................ 4

*Ofudu v. Barr Labs., Inc.*,
98 F. Supp. 2d 510 (S.D.N.Y. 2000) ................................................................ 10

*Ottley-Cousin v. MMC Holdings, Inc.*,
2019 U.S. Dist. LEXIS 76229 (E.D.N.Y. May 6, 2019) ............................................. 19

*Palm Beach Strategic Income v. Stanley P. Salzman, P.C.*,
2011 U.S. Dist. LEXIS 46867 (E.D.N.Y. May 2, 2011) .............................................. 5

*Parker v. Columbia Pictures Indus.*,
204 F.3d 326 (2d Cir. 2000).......................................................................................... 11

*Petrone v. Hampton Bays Union Free Sch. Dist.*,
568 Fed.App'x. 5 (2d Cir. 2014).................................................................................... 12

*Phillips v. City of Middletown*,
2018 U.S. Dist. LEXIS 163308 (S.D.N.Y. Sep. 24, 2018)............................................ 4

*Pierre v. N.Y. State Dep't of Corr. Servs.*,
2009 U.S. Dist. LEXIS 51798 (S.D.N.Y. June 1, 2009)................................................ 7

*Potenza v. City of N.Y.*,
365 F.3d 165 (2d Cir. 2004)........................................................................................... 17

*RJ Kitchen Assocs. v. Skalski*,
2019 U.S. Dist. LEXIS 31551 (E.D.N.Y. Feb. 25, 2019)............................................. 9

*Roff v. Low Surgical & Med. Supply, Inc.*,
2004 U.S. Dist. LEXIS 30845 (E.D.N.Y. May 11, 2004) ............................................ 17

*Rosen v. N.Y.C. Dep't of Educ.*,
2019 U.S. Dist. LEXIS 145380 (S.D.N.Y. Aug. 27, 2019) .......................................... 20

*Roth v. Cty. of Nassau*,
747 F. App'x 891 (2d Cir. 2019) ................................................................................... 12

*Scherman v. New York State Banking Dep't.*,
2010 WL 997378 (S.D.N.Y. Mar. 19, 2010) ................................................................ 6

*Scherman v. New York State Banking* Dep't,
443 F. App'x 600 (2d Cir. 2011) ................................................................................... 6

*Schiavone v. N.Y. State Office of Rent Admin.*,
2018 U.S. Dist. LEXIS 188167 (S.D.N.Y. Nov. 2, 2018)............................................ 14

*Sherman v. City of N.Y.*,
2019 U.S. Dist. LEXIS 83010 (E.D.N.Y. May 16, 2019) ............................................ 25

*Shin v. Am. Airlines Grp. Inc.*,
2017 U.S. Dist. LEXIS 122600 (E.D.N.Y. Aug. 3, 2017)............................................ 6

*Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist.*,
702 F. Supp. 2d 122 (E.D.N.Y. 2010) ...................................................................... 24

*Smith-Megote v. Craig Hosp.*,
229 F. Supp. 3d 1224 (D. Colo. 2017)..................................................................... 16

*Soo Line R.R. Co. v. St. Louis Sw. Ry. Co.*,
125 F.3d 481 (7th Cir. 1997) ..................................................................................... 4

*Sosa v. N.Y.C. Dep't of Educ.*,
368 F. Supp. 3d 489 (E.D.N.Y. 2019) ....................................................................... 6

*Soto v. Marist Coll.*,
2019 U.S. Dist. LEXIS 94225 (S.D.N.Y. June 5, 2019)....................................... 8, 19

*Staten Island Chiropractic Assocs., PLLC v. Aetna, Inc.*,
2014 U.S. Dist. LEXIS 140895 (E.D.N.Y. July 29, 2014) ......................................... 4

*Stevens v. Rite Aid Corp.*,
851 F.3d 224 (2d Cir. 2017).................................................................................... 12

*Sussle v. Sirina Prot. Sys. Corp.*,
269 F. Supp. 2d 285 (S.D.N.Y. 2003)............................................................. 7, 8, 11

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002).................................................................................................. 4

*Szewczyk v Saakian*,
774 F. App'x 37 (2d Cir. 2019) ............................................................................... 20

*Thomas v. N.Y.C. Dep't of Educ.*,
938 F. Supp. 2d 334 (E.D.N.Y. 2013) ...................................................................... 9

*Thomsen v. Stantec, Inc.*,
785 F. Supp. 2d 20 (W.D.N.Y. 2011) ...................................................................... 16

*Torres v. Inspire Dev. Ctrs.*,
2014 U.S. Dist. LEXIS 101387 (E.D. Wash. July 24, 2014)................................... 16

*Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*,
351 Fed.Appx. 472 (2d Cir. 2009)........................................................................... 21

*Verdi v. Potter*,
2010 WL 502959, 2010 U.S. Dist. LEXIS 11053 (E.D.N.Y. Feb. 9, 2010) ............ 3, 8

*Wallen v. Teknavo Grp.*,
2019 U.S. Dist. LEXIS 55190 (E.D.N.Y. Mar. 30, 2019) ........................................ 14

*Watkins v. First Student, Inc.*,
2018 U.S. Dist. LEXIS 32729 (S.D.N.Y. Feb. 28, 2018) ........................................... 16

*Weinberg v. Guttman Breast & Diagnostic Inst.*,
254 A.D.2d 213 (1st Dep't. 1998) ............................................................................... 25

*Weinberger v. City of N.Y.*,
2018 U.S. Dist. LEXIS 141893 (S.D.N.Y. Aug. 21, 2018) ......................................... 9

*Wheeler v. Slanovec*,
2019 U.S. Dist. LEXIS 113679 (S.D.N.Y. July 9, 2019) ............................................. 5

*Wright v. Eastman Kodak Co.*,
550 F. Supp. 2d 371 (W.D.N.Y. 2008) ...................................................................... 24

*Ziccarelli v. NYU Hosps. Ctr.*,
247 F. Supp. 3d 438 (S.D.N.Y. 2017) .......................................................... 18, 21, 23

## Statutes

29 U.S.C.S. § 2611 et seq. ............................................................................. 1, 15, 16

29 U.S.C.S. § 2612 et seq. ...................................................................................... 15

42 U.S.C.S. § 12102 et seq. ...................................................................................... 7

## Rules

45 C.F.R. § 160 et seq. ....................................................................................... 22, 23

45 C.F.R. § 164 ...................................................................................................... 23

C.P.L.R. 4504 ........................................................................................................ 23

F.R.C.P. 12(b)(6) ..................................................................................................... 5

## I.      PRELIMINARY STATEMENT

In his unverified Amended Complaint, Plaintiff Jose Robles ("Plaintiff") attempts to thread the needle to add enough allegations to withstand a motion to dismiss, without completely inventing new facts or contradicting his sworn charge to the EEOC (DE #15-1, p. 4, *et seq.*) and his original Complaint (DE #1). His solution has been to totally disavow his prior position regarding the temporary nature of his alleged disability, to omit certain salient facts, and to add legal conclusions and rank speculation. Nevertheless, like the original Complaint, the Amended Complaint fails to state a claim.

Plaintiff, a former patient navigator who was terminated by his employer, Jamaica Hospital Medical Center ("the Hospital") due to an "altercation" with a co-worker at work, claims interference and retaliation under the Family and Medical Leave Act ("FMLA"); discrimination and retaliation under the American's with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL" or "State Law"), and the New York City Human Rights Law ("NYCHRL" or "City Law"); breach of fiduciary duty to maintain confidential medical records; and negligent hiring, training, retention, and/or supervision.[1]

Plaintiff alleges that his girlfriend's 26-year-old daughter passed away on Saturday, October 27, 2018. DE #15, ¶¶25-26. He requested "leave that qualified as FMLA leave"[2] (DE #15, ¶30) that same day, and the request was granted. He was scheduled to return to work on Monday, November 5,

---

[1] Defense counsel does not represent the Roes and Does named in the caption. Therefore, this motion seeks only to dismiss those causes of action asserted against the Hospital, i.e., the First, Second, Third, Fifth, Seventh, and Eighth Causes of Action.

[2] After being served with the Hospital's pre-motion conference letter (DE #10) and the motion to dismiss the original Complaint (DE #13), Plaintiff has apparently recognized that the FMLA, by its statutory terms, does not provide leave time for a death. 29 U.S.C.S. § 2611(11). Thus, by contrast to Plaintiff's multiple previous filings referencing bereavement leave (*see,* DE #1, ¶21; DE #11 [p. 1] "bereavement leave," [p. 2] "bereavement leave" [p. 3] "FMLA-covered bereavement leave"; DE #15-1, ¶15 "FMLA-covered bereavement leave"), the Amended Complaint completely omits the word "bereavement." Despite this creative drafting, Plaintiff still fails to include any allegation that he ever requested leave under the FMLA, or that he would have been entitled to it even if he had. His unsupported legal conclusion that the leave "qualified as FMLA leave" is not a factual allegation entitled to a presumption of truth. *See, Ceban v. Capital Mgmt. Servs., L.P.*, 2018 U.S. Dist. LEXIS 7389, at *4 (E.D.N.Y. Jan. 17, 2018) (internal quotations and citations omitted) (Ross, J.) ("the court is not bound to accept as true a legal conclusion couched as a factual allegation").

2018, but was terminated that day due to an altercation with a co-worker that occurred the day before. Despite being on leave on the day of the altercation, Plaintiff was at the Hospital because, after he was found lying drunk[3] in the street on November 3, he was taken to the Emergency Room and released the next day. The altercation took place in front of care providers and staff. DE #15, ¶¶41-42. As a result of the altercation, Plaintiff was terminated the same day he was scheduled to return to work, and was informed that he would be arrested if found on Hospital premises. DE #15, ¶¶40, 45, 52. Plaintiff calls this interference and retaliation under the FMLA. It is not.

Despite acknowledging "upon information and belief" the multiple witnesses to the altercation (DE #15, ¶41), Plaintiff guesses that his unidentified supervisors who decided to terminate him "could only have been made aware of the verbal altercation through obtaining his records or being directly informed by staff that Plaintiff was under the medical care of during the verbal altercation."[4] [*sic*] DE #15, ¶44. He thus attributes his termination to unidentified people who worked at the Hospital maliciously sharing information regarding the underlying medical facts of his hospitalization (as opposed to the fact of altercation itself), which somehow led to his unidentified supervisors' decision to terminate him, not due to the altercation, but secretly for discriminatory reasons. *Id.*, at ¶¶44, 50.

At the same time, Plaintiff alleges that "his supervisors and co-workers knew that he requested leave [on October 27, 2018] because of the exasperation [*sic*] of his mental health symptoms due the death of his partner's daughter." DE #15, ¶48. Thus, Plaintiff admits that his supervisors were already aware of his alleged mental health problems nine days before he was terminated because of the altercation.

---

[3] Despite Plaintiff's omission from the Amended Complaint of the previously sworn fact that he was found lying "intoxicated" in the street (DE #1, ¶25), he nevertheless adopts and incorporates it by reference with the inclusion of his EEOC charge as an exhibit to the pleading (DE #15-1, ¶19). The Amended Complaint itself now includes only a single reference to Plaintiff's treatment for intoxication. DE #15, ¶36.

[4] Plaintiff evidently believes it would have been impossible for his supervisors to have learned of the fact of the altercation from any of the multiple witnesses without also accessing information regarding his alleged mental health conditions.

Plaintiff claims to suffer from depression and bipolar disorder,[5] and alleges that the Hospital's failure to intuit that his behavior during the altercation was attributable to these impairments, and therefore to offer him, unbidden, additional paid or unpaid time off, was discrimination and retaliation. DE #15, ¶¶53-54. It was not.

Plaintiff fails to state a claim under federal or State law. Even under the more liberal standard applied to NYCHRL, the Amended Complaint still fails to describe a violation of the law. Even accepting all factual allegations as true, and drawing all reasonable inferences in Plaintiff's favor, the pleading defects, as amended, remain fatal to each of Plaintiff's claims, and the Amended Complaint should be dismissed in its entirety, with prejudice, as against the Hospital.

## II.     PLAINTIFF IS BOUND BY HIS PREVIOUS ALLEGATIONS/ADMISSIONS

After being served with the Hospital's pre-motion conference letter (DE #10) and the original motion to dismiss (DE #13), Plaintiff has apparently acknowledged that the ADA does not recognize his original claims of temporary impairments as a disability. *See, e.g., Verdi v. Potter,* 2010 WL 502959, at *5, 2010 U.S. Dist. LEXIS 11053, at *17–18 (E.D.N.Y. Feb. 9, 2010) (Hurley, J.). Thus, he now alleges that his impairment was "not temporary," (DE #15, ¶35), in direct contradiction of both his previous sworn statements to the EEOC (incorporated by reference as an exhibit to the Amended Complaint) regarding the temporary nature of his "disability" (DE

---

[5] After being served with the motion to dismiss the original Complaint, Plaintiff has apparently recognized that employees who are current substance abusers (as Plaintiff admittedly was at the time he was terminated, DE #15-1, ¶29) are not disabled within the meaning of federal law. *See, e.g., Klaper v. Cypress Hills Cemetery,* 2014 U.S. Dist. LEXIS 46470, at *33 (E.D.N.Y. Mar. 31, 2014) (Garaufis, J.) (dismissing ADA claim by alcoholic plaintiff who threatened co-worker at work and noting that "[t]he ADA does not require that employers tolerate misconduct traceable to an employee's alcoholism, nor does it protect alcoholics from the consequences of their own behavior."). *See also, Brennan v. New York City Police Dep't,* 141 F.3d 1151 (2d Cir.1998) ("[C]ourts have consistently found that termination in the context of misconduct that is tied or related to alcoholism does not violate the ADA."). *See also, D'Amico v. City of N.Y.*, 132 F.3d 145, 151 (2d Cir. 1998). Thus, the Amended Complaint omits a previous reference to Plaintiff's alcoholism (DE #1, ¶35), and instead alleges that Plaintiff suffered anxiety. DE #15, ¶29.

#15-1, ¶¶18, 33) and the numerous allegations of a temporary disability in the original Complaint (DE #1, ¶¶2, 39-40, 49, 61, 64, 70).

Plaintiff's attempt to take back previous allegations does not immunize his Amended Complaint from dismissal.

> Allegations in a complaint are generally "judicial admission[s]" by which a plaintiff is "bound throughout the course of the proceeding," *Official Comm. of Unsecured Creditors of Color Tile. Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted), and a plaintiff cannot "erase[]" such admissions by omitting them from an amended complaint, *Austin v. Ford Models. Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) (internal quotation marks omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *see also Austin*, 149 F.3d at 155 ("The amendment of a pleading does not make it any the less an admission of the party." (internal quotation marks omitted)). "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Soo Line R.R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997).

*Staten Island Chiropractic Assocs., PLLC v. Aetna, Inc.*, 2014 U.S. Dist. LEXIS 140895, at *22 (E.D.N.Y. July 29, 2014) (Amon, J.). *See also, Phillips v. City of Middletown*, 2018 U.S. Dist. LEXIS 163308, at *13 (S.D.N.Y. Sep. 24, 2018) *quoting Davis v. Williamson*, 2009 U.S. Dist. LEXIS 3547, 2009 WL 136815, at *4 n.4 (M.D. Pa. Jan. 20, 2009) (a "plaintiff is 'bound by the admissions made in his original complaint and cannot simply erase th[ose] details by omitting them from his amended complaint'").

Where Plaintiff has completely contradicted his prior allegations in the Amended Complaint by now specifically claiming that his "disability" was "not temporary,"[6] the Court may disregard the Amended Complaint and rely on the original allegations. *See, e.g., Kasparov v. Ambit Tex., LLC*, 2016 U.S. Dist. LEXIS 31637, at *6 (E.D.N.Y. Mar. 10, 2016) (Orenstein, M.J.) *report*

---

[6] Moreover, this is a legal conclusion, not a statement of fact. *See, e.g., Dohrmann-Gallik v. Lakeland Cent. Sch. Dist.*, 2015 WL 4557373, at *7 (S.D.N.Y. July 27, 2015) ("Plaintiff's further allegation that she is 'disabled' or has a 'disability,' [Compl.¶¶ 1, 30, 51], is insufficient because 'legal conclusions couched as factual allegations' are insufficient to survive a motion to dismiss.").

*and recommendation adopted at* 2016 U.S. Dist. LEXIS 158654 (E.D.N.Y. Nov. 10, 2016) (Kuntz, J.) ("A court has no obligation to accept as true an amended complaint's allegations if they directly contradict facts set forth in a prior pleading."). *See also, Wheeler v. Slanovec*, 2019 U.S. Dist. LEXIS 113679, at *16 (S.D.N.Y. July 9, 2019); *Palm Beach Strategic Income v. Stanley P. Salzman, P.C.*, 2011 U.S. Dist. LEXIS 46867, at *16 (E.D.N.Y. May 2, 2011) (Seybert, J.); *Colliton v. Cravath*, 2008 U.S. Dist. LEXIS 74388, at *19 (S.D.N.Y. Sep. 23, 2008).

Even if Plaintiff were able to simply erase his previous admission of a temporary impairment by completely denying it now in conclusory fashion, the allegations themselves, even assuming them to be true, belie his denial. To wit, although the Amended Complaint alleges that during his leave, Plaintiff was unable to perform the essential functions of his job "until his condition was stabilized through further treatment," (DE #15, ¶34), it also alleges that, during Plaintiff's leave, he was treated at the Hospital and released the following day, which was the day before he was scheduled to return to work. DE #15, ¶¶36-37. Thus, even if true, these allegations merely demonstrate that *while he was already on leave*, Plaintiff was unable to perform the essential functions of his job. Even as amended, the allegations still fail to establish that Plaintiff was unable to perform any of the essential functions of his job on or after November 5, 2018, when he was expected to resume work.

## III.   LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO 12(b)(6)

"Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss an action for failure to state a claim upon which relief may be granted." *Brown v. St. John's Univ.*, 2010 U.S. Dist. LEXIS 147090, at *30 (E.D.N.Y. June 28, 2010) (Ross, J.). "In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must also draw all reasonable inferences in favor of the plaintiff. The

complaint's allegations, however, must be enough to raise a right to relief above the speculative level." *Shin v. Am. Airlines Grp. Inc.*, 2017 U.S. Dist. LEXIS 122600, at *3 (E.D.N.Y. Aug. 3, 2017) (internal quotations omitted) (Ross, J.). "Only a plausible claim for relief survives a motion to dismiss." *Garmhausen v. Holder*, 757 F. Supp. 2d 123, 134 (E.D.N.Y. 2010) (Ross, J.) (internal quotations omitted). "The determination whether a plaintiff has alleged a plausible claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 507 (E.D.N.Y. 2019) (Bulsara, M.J.) (internal quotations omitted).

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Scherman v. New York State Banking Dep't.*, 2010 WL 997378, at *3 (S.D.N.Y. Mar. 19, 2010), *aff'd at,* 443 F. App'x 600 (2d Cir. 2011). *See also Ceban*, 2018 U.S. Dist. LEXIS 7389, at *4.

## IV.    ARGUMENT

### A.    Plaintiff Fails to State a Claim Under the ADA (First Cause of Action)

#### 1.    Plaintiff Fails to State a Claim for Discrimination Under the ADA

"A *prima facie* case of discrimination pursuant to the ADA requires a showing that: (1) h[is] employer is subject to the ADA; (2) []he was disabled within the meaning of the ADA; (3) []he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) []he suffered an adverse employment action because of h[is] disability." *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 151 (E.D.N.Y. 2015) (Matsumoto, J). The Hospital is covered by the ADA. However, even assuming Plaintiff was

otherwise qualified to perform the essential functions of his job,[7] his ADA discrimination claim nevertheless fails on the second and fourth prongs because he was neither disabled within the meaning of the law, nor did he suffer an adverse action *because of* a disability.

### a.      Plaintiff Is Not Disabled Within the Meaning of the ADA

As relevant here, the ADA Amendment Act of 2008 ("ADAAA") defines a "disability" as a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C.S. § 12102(1). "To be substantially impaired from performing a major life activity, Plaintiff must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives."[8] *Pierre v. N.Y. State Dep't of Corr. Servs.*, 2009 U.S. Dist. LEXIS 51798, at *56 (S.D.N.Y. June 1, 2009) (internal quotation and citation omitted).

"Merely having an impairment does not make one disabled for purposes of the ADA." *Diaz v. Local 338 of the Retail, Wholesale, Dep't Store Union, United Food & Commercial Workers*, 2015 U.S. Dist. LEXIS 86777, at *62 (E.D.N.Y. May 15, 2015) (Locke, M.J.) (internal quotations omitted) *report and recommendation adopted at* 2015 U.S. Dist. LEXIS 86648 (E.D.N.Y. July 2, 2015) (Feuerstein, J.). "Moreover, the impairment's impact must also be permanent or long term." *Pierre*, 2009 U.S. Dist. LEXIS 51798, at *56.

---

[7] The Hospital does not concede that Plaintiff was qualified to perform the essential functions of his job, but only assumes this element for purposes of this motion.

[8] Despite Plaintiff's allegations that "as a result of his symptoms" he had difficulty concentrating and breathing (DE #15, ¶34), the Amended Complaint fails to include sufficient facts regarding a substantial impairment of any major life activity. *See, e.g., Sussle v. Sirina Prot. Sys. Corp.,* 269 F. Supp. 2d 285, 312 (S.D.N.Y. 2003) ("where an individual finds it difficult to concentrate only on occasion, his ability to concentrate is not substantially limited."). *See also, Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 389 (W.D.N.Y. 2014) (dismissing plaintiff's ADA claim where "Plaintiff's failure to provide support for her assertions regarding major life activities renders them inadequate").

Despite the new allegation of a diagnosis of bipolar disorder in the Amended Complaint, "a diagnosis alone is insufficient to establish a disability." *Martinez v. N.Y. State Div. of Human Rights*, 2015 U.S. Dist. LEXIS 12536, at *24 (S.D.N.Y. Feb. 2, 2015); *Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 136 n.10 (E.D.N.Y. 2015) (Bianco, J.); *Epstein v. County of Suffolk*, 2015 U.S. Dist. LEXIS 113079, *15–16 (E.D.N.Y. Aug. 26, 2015) (Seybert, J.); *Gibbon v. City of N.Y.*, 2008 U.S. Dist. LEXIS 106671, at *8 (S.D.N.Y. Nov. 25, 2008). *See also, Hedges v. Town of Madison,* 456 Fed.Appx. 22, 24 (2d Cir. 2012) (rejecting plaintiff's argument that the court should infer plaintiff is disabled because he alleged that he suffered from a variety of medical conditions and holding that "even the most liberal standard of pleadings does not require a court to make such inferences.").

Even with the conclusory addition to the Amended Complaint that Plaintiff's "disability" was "not temporary," Plaintiff's allegation that he was treated at the Hospital for "intoxication, depression and bipolar disorder," but released the very next day is still, by definition, temporary. DE #15, ¶¶36-37.[9] But "'[a] disability under the ADA does not include temporary medical conditions, even if [unlike the case at bar] those conditions require extended leaves of absence from work[,] because such conditions are not substantially limiting.'" *Soto v. Marist Coll.*, 2019 U.S. Dist. LEXIS 94225, at *45 (S.D.N.Y. June 5, 2019). *See also, e.g., Verdi,* 2010 WL 502959, at *5, 2010 U.S. Dist. LEXIS 11053, at *17–18 ("short term, temporary restrictions are not substantially limiting and do not render a person disabled within the meaning of the ADA.")

---

[9] Moreover, the overnight hospitalization did not render Plaintiff "disabled" for purposes of the ADA because even if he was unable to work during that time, that hospitalization occurred when he was not scheduled to work at all. DE #15, ¶¶30-31, 36-37. Similarly, his allegation that he was "treated for approximately one week" six months before he was terminated (DE #15, ¶23) is also, by definition, temporary, and thus insufficient to plead a legally cognizable disability. Nor can Plaintiff bootstrap the two hospitalizations together in order to create a disability. "A plaintiff whose impairment is intermittent or temporary will not be treated as substantially limited in a major life activity within the meaning of the ADA." *Bey v. City of New York*, 2020 WL 467507, at *5 (E.D.N.Y. Jan. 29, 2020) (Weinstein, J.). *See also, e.g., Sussle,* 269 F. Supp. 2d at 312 (noting that "[i]ntermittent, episodic impairments are not disabilities").

(internal quotations omitted). *See also, e.g., Adams v. Citizens Advice Bureau,* 187 F.3d 315, 316–17 (2d Cir.1999) (finding employee not disabled under the ADA even where temporary physical injuries prevented him from working for three and a half months).

Despite Plaintiff's attempt to amplify the Amended Complaint to plead the elements of his claim, a "formulaic recitation of the elements of a cause of action is insufficient." *Maryam Ayazi v. N.Y.C. Dep't of Educ.*, 2011 U.S. Dist. LEXIS 12200, at *27 (E.D.N.Y. Feb. 7, 2011) (Garaufis, J.) (internal quotation omitted). *See also, Baez v. Jetblue Airways*, 745 F. Supp. 2d 214, 220-21 (E.D.N.Y. 2010) (Garaufis, J.); *RJ Kitchen Assocs. v. Skalski*, 2019 U.S. Dist. LEXIS 31551, at *10 (E.D.N.Y. Feb. 25, 2019) (Tomlinson, M.J.); *Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 334, 345 (E.D.N.Y. 2013) (Townes, J.).

The fact that Plaintiff has added legal conclusions regarding the nature, severity, and duration of his alleged condition does not render him a disabled under the law, and the Amended Complaint fails to plead sufficient *facts* to conclude otherwise. *Cusack v. Maloney,* 2011 WL 710218, at *1, 2011 U.S. Dist. LEXIS 17037, at *4 (W.D.N.Y. Feb. 22, 2011) ("Complaints claiming disability discrimination must allege more than a mere recitation of cursory conclusions of law with virtually no operative facts to support them") (internal quotation omitted). "[M]ere conclusory allegations together with the elements of a cause of action are insufficient." *Jacobs v. N.Y.C. Dep't. of Educ.*, 2013 U.S. Dist. LEXIS 203768, at *11 (E.D.N.Y. Jan. 31, 2013) (Brodie, J.); *Weinberger v. City of N.Y.*, 2018 U.S. Dist. LEXIS 141893, at *4 (S.D.N.Y. Aug. 21, 2018). Therefore, despite the amendments, Plaintiff still fails to adequately plead a legally-recognized disability. Accordingly, his ADA claims fail.

**b.**     **Plaintiff Did Not Suffer Adverse Employment Action Because of a Disability**

Given that Plaintiff has failed to plead facts sufficient to establish that he is disabled for purposes of the ADA, he could not have been terminated *because* he was disabled. But even if he had met the second element of his *prima facie* case, nothing in the Amended Complaint supports a causal connection between any such disability and Plaintiff's termination. *See, e.g., Ofudu v. Barr Labs., Inc.*, 98 F. Supp. 2d 510, 516 (S.D.N.Y. 2000) ("It is not enough that Plaintiff entertained some subjective perception that people were hostile to him or that they did not like him because he was [disabled]. Plaintiff must come up with something more tangible than 'I feel that this action was [discriminatory] -- I am [disabled] -- therefore, it must have been motivated by [disability] discrimination.'").

Plaintiff was informed that he was terminated "due to events over the weekend," i.e., the altercation. Plaintiff admits that there were multiple witnesses to the altercation, but asks this Court to join him in his baseless assumption that there is no way his unidentified supervisors could have possibly found out about it unless they were *also* given private details of his underlying medical conditions by unidentified people who somehow had access to his medical records, and who specifically intended to use that information to get him fired.[10] But "causes of action in a complaint must be based on factual allegations, not factual speculation." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (Spatt, J.).

Although Plaintiff now pleads "upon information and belief" that, aside from his hospitalization, "no other relevant events occurred over the weekend" prior to his termination (DE

---

[10] One wonders why, if these unknown people were so devoted to using Plaintiff's medical records to catalyze his termination, they waited six months after he was allegedly first diagnosed to disclose the information.

#15, ¶47), he also admits that the altercation was evidently so egregious that he was warned that he would be arrested if he returned to the Hospital's premises. DE #15, ¶52.[11]

### 2. Plaintiff Fails to State a Discrimination Claim Based on Failure to Accommodate

Plaintiff alleges that the Hospital unlawfully denied him a reasonable accommodation[12] and failed to engage in the interactive process,[13] which is triggered by a request for a reasonable accommodation. However, the Hospital had no obligation to offer an accommodation to someone who is not disabled within the meaning of the law, much less one that was never requested. "Plaintiff failed to demonstrate that he is disabled within the meaning of the ADA. As such, his failure to accommodate claim, if any, fails as a matter of law[.]" *Sussle*, 269 F. Supp. 2d at 313.

Tellingly, in response to the argument in the motion to dismiss the original Complaint that what Plaintiff sought was an indefinite leave of absence, which has been repeatedly adjudged unreasonable under the law,[14] Plaintiff now alleges that "[t]he period of leave required for Plaintiff to obtain the necessary treatment for stabilizing his condition *would have been* a definite period of time." DE #15, ¶55 (emphasis added). The only effect of this speculative, factually baseless

---

[11] Notwithstanding the threat of arrest, Plaintiff claims that at some point after he was terminated, he was treated at the Hospital. DE #15, ¶56.

[12] Plaintiff amended the Complaint to allege that he was diagnosed with bipolar disorder in May, 2018 (DE #15, ¶23), as opposed to his previous sworn statement that he was treated for depression (DE #15-1, ¶7). Notwithstanding this newly alleged diagnosis, Plaintiff notes that he "was able to perform the essential functions of his job, without accommodation, from the point of his hiring [in April, 2017] until he suffered severe symptoms related to his mental health disability on or around October 27, 2018 [six months after the allegedly diagnosis]," after which he requested and was granted leave until November 5, 2018.

[13] There is no independent cause of action for failure to engage in the interactive process under federal law. *See, e.g., McBride v. BIC Consumer Prods. Mfg. Co.,* 583 F.3d 92, 99-101 (2d Cir. 2009).

[14] *See Jarrell v. Hosp. for Special Care,* 626 Fed. Appx. 308, 312 (2d Cir. 2015) ("the accommodation Jarrell sought was in essence an indeterminate period of leave and … no genuine dispute exists that such accommodation would be unreasonable."). *See also, Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 338 (2d Cir. 2000) ("The duty to make reasonable accommodations does not, of course, require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover"); *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 9 (2d Cir. 1999) ("The ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence.").

allegation is to highlight the absence of any request for any additional leave. Even according to the Amended Complaint, Plaintiff's only request for leave was granted.[15] DE #15, ¶31.

> Even if he had made such a request,
>
> > [t]he Second Circuit has not resolved "whether paid or unpaid leave can constitute a reasonable accommodation under the ADA." *Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 Fed.App'x. 5, 8 n.2 (2d Cir. 2014) (citing *Graves v. Finch Pruyn & Co.*, 353 Fed.App'x. 558, 560 (2d Cir. 2009)). However, even assuming that a leave of absence can constitute a reasonable accommodation, that accommodation ultimately "must enable the employee to perform the essential functions of his job." *Petrone*, 568 Fed.App'x. at 8 n.2; *accord McMillan* [*v. City of New York*], 711 F.3d [120,] 127 [(2d Cir. 2013)] ("After the essential functions of the position are determined, plaintiff must demonstrate that he or she could have performed these functions, with or without reasonable accommodation, *at the time of the termination....*") (emphasis added).

*Goodwin v. MTA Bus Co.*, 2017 WL 1251091, at *5 (E.D.N.Y. Mar. 27, 2017) (Mauskopf, J.).

Plaintiff alleges that he was unable to work *at all* for an unspecified "definite period of time," but a reasonable accommodation can never include the elimination of even one essential job function, let alone all of them. *Roth v. Cty. of Nassau*, 747 F. App'x 891, 893 (2d Cir. 2019); *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 230 (2d Cir. 2017); *Lowry v. Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001). This Court has previously held that requests eliminating essential job functions by completely excusing a plaintiff from work are unreasonable, as a matter of law.

> [U]nder the ADA, a reasonable accommodation is one that *enables* a disabled employee to perform the essential functions of a job. *See Davis* [*v. New York City Health & Hosps. Corp.*], 508 Fed. Appx. [26,] 29 [(2d Cir. 2013)] (the ADA "affords a right to such reasonable accommodations as will allow the disabled individual to perform [essential] functions.") … The law in this Circuit categorically holds that such an accommodation, which would eliminate an essential job function, is not reasonable.

*Francis v. Wyckoff Heights Med. Ctr.*, 177 F. Supp. 3d 754, 771 (E.D.N.Y. 2016) (Irizarry, J.).

---

[15] Like the Complaint, the Amended Complaint does not allege that Plaintiff ever requested or was denied leave or any kind of accommodation under the ADA.

Plaintiff faults the Hospital for not "attempt[ing] to engage with Plaintiff to determine if he could be accommodated or to offer him additional FMLA leave." DE #15, ¶53. But "it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." *Gray v. Onondaga-Cortland-Madison Bd. of Coop. Educ. Servs.*, 2020 U.S. Dist. LEXIS 36231, at *28 (N.D.N.Y. Mar. 3, 2020) (internal quotation omitted). "It is well-settled that an employer cannot be liable for failing to provide an accommodation that was never requested." *Kho v. N.Y. & Presbyterian Hosp.*, 344 F. Supp. 3d 705, 721 (S.D.N.Y. 2018). *See also, Brown v. The Pension Boards,* 488 F. Supp. 2d 395, 407 (S.D.N.Y. 2007). Indeed, Plaintiff's allegations are similar to those held inadequate in *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 18 (2d Cir. 2015) (discussing plaintiff's allegation that, despite her lack of a request, her employer never "'engage[d] in a meaningful exchange of ideas about the feasibility of the' training with her").

Plaintiff's claim to this Court is that the Hospital should have assumed[16] that he needed additional leave, and therefore it should have offered it to him without his ever having asked for it. The law does not require that. "Even where a disability is obvious, however, the *employee* must still establish that with reasonable accommodation, plaintiff could perform the essential functions of the job at issue, and that the employer has refused to make such accommodations." *Lievre v. JRM Constr. Mgmt., LLC*, 2019 U.S. Dist. LEXIS 161449, at *53-54 (S.D.N.Y. Sep. 20, 2019) (emphasis added) (internal quotations omitted).

### 3. Plaintiff Fails to State a Claim for Retaliation Under the ADA

---

[16] The Hospital is unable to discern the basis upon which Plaintiff believes it should have made this assumption (or how an assumption that Plaintiff was so incapacitated by his "disability" that he was unable to do his job, would not, in and of itself, have run afoul of the ADA). Was it based on the Hospital's (improper?) knowledge of his alleged underlying mental health conditions? Or its knowledge of the death of his girlfriend's daughter? Or based on his behavior the altercation? Or based on Plaintiff having been brought to the Emergency Room after being found lying drunk in the street? Or some combination thereof? Whatever Plaintiff's theory, he fails to establish a claim under the ADA on the basis of the Hospital's failure to make a discriminatory guess followed by an unsolicited offer for an unspecified amount of paid or unpaid time off from work that Plaintiff never requested.

"For an ADA retaliation claim to survive a motion to dismiss, a plaintiff must allege sufficient facts to plausibly show that '(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action.'" *Schiavone v. N.Y. State Office of Rent Admin.*, 2018 U.S. Dist. LEXIS 188167, at *12 (S.D.N.Y. Nov. 2, 2018). "A plaintiff engages in a 'protected activity' under the ADA if []he 'has opposed any act or practice made unlawful *by this chapter*' or has 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this chapter*.'" *Clark v. Jewish Childcare Ass'n*, 96 F. Supp. 3d 237, 261 (S.D.N.Y. 2015) (emphasis added).

Plaintiff was not disabled within the meaning of the law, but even if he was legally disabled, the Amended Complaint fails to allege that he ever engaged in any ADA-protected activity. Even if he had, he has failed to plead any facts that would establish any causal connection between the two. "A causal connection of retaliation can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory actions directed against the plaintiff by the defendant.'" *Wallen v. Teknavo Grp.*, 2019 U.S. Dist. LEXIS 55190, at *51-52 (E.D.N.Y. Mar. 30, 2019) (Brodie, J.).

Even if Plaintiff had requested an accommodation under the ADA, "a failure to accommodate cannot constitute retaliation for an employee's request for accommodation." *Missick v. City of New York,* 707 F. Supp. 2d 336, 356-57 (E.D.N.Y. 2010) (Mauskopf, J.). The only protected activity is Plaintiff's EEOC charge, which was filed approximately seven months after

14

his termination, but protected activity obviously must precede adverse action in order to sustain a claim for retaliation. *See, e.g., Macshane v. City of New York,* 2015 U.S. Dist. LEXIS 36099, *70-71 n.21 (E.D.N.Y. Mar. 23, 2015) (Mauskopf, J.) (dismissing ADA retaliation claim where alleged adverse employment action took place "before the filing of the EEOC charge or the instant lawsuit, so there is no causal connection between any purported protected activity and adverse employment action.").

Plaintiff's lack of a disability, and lack of any ADA-protected activity obviates any possible causal connection to his termination "due to events over the weekend."

## B.     Plaintiff Fails to State a Claim Under the FMLA (Second Cause of Action)

Pursuant to the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period." 29 U.S.C.S. § 2612(a)(1). *See, e.g., Coutard v. Mun. Credit Union*, 848 F.3d 102, 108 (2d Cir. 2017). FMLA leave may be granted, among other things, to "care for the spouse,[17] or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition" or "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.S. § 2612(a)(1)(C)-(D). The Amended Complaint fails to allege any facts that would establish Plaintiff as an "eligible employee," and simply assumes eligibility as a given. But even if he was an eligible employee, no allegations support a claim of entitlement to FMLA leave, either before or after the altercation.

Indeed, Plaintiff was not entitled to FMLA leave, and, as such, he cannot assert any claims for FMLA interference or retaliation. Plaintiff's girlfriend is not his spouse, and is therefore not a qualifying family member under the law. Neither is her daughter. And death is not a qualifying

---

[17] "The term 'spouse' means a husband or wife, as the case may be." 29 U.S.C.S. § 2611(13).

event. *See, e.g., Cedrick Towns v. Kipp Metro Atlanta Collaborative*, 2019 U.S. Dist. LEXIS 189992, at *21 (N.D. Ga. July 30, 2019) ("courts have universally held that the FMLA does not cover bereavement leave"). *Accord, Smith-Megote v. Craig Hosp.*, 229 F. Supp. 3d 1224, 1227 n.2 (D. Colo. 2017); *Torres v. Inspire Dev. Ctrs.*, 2014 U.S. Dist. LEXIS 101387, at *13 (E.D. Wash. July 24, 2014); *Deloatch v. Harris Teeter, Inc.*, 797 F. Supp. 2d 48, 66 n.13 (D.D.C. 2011).

To the extent Plaintiff attempts to claim entitlement to FMLA leave based on his own "serious health condition," those words are not mere colloquial English. That legal term of art has a legal definition, and the Amended Complaint contains no allegations whatsoever that are sufficient to meet it. 29 USC § 2611(11).

### 1. Plaintiff Fails to State a Claim for Interference Under the FMLA

The foregoing alone warrants dismissal of Plaintiff's FMLA claims without further discussion. "In order for a plaintiff to exercise rights protected under the FMLA, the plaintiff must demonstrate []he actually has a valid claim to FMLA benefits." *Watkins v. First Student, Inc.*, 2018 U.S. Dist. LEXIS 32729, at *34 (S.D.N.Y. Feb. 28, 2018). Instead of pleading any facts demonstrating entitlement to such benefits, Plaintiff asks this Court simply to assume that he was FMLA-eligible, and to further assume that the Hospital's failure to offer him FMLA leave he never asked for amounted to interference. It did not. *See*; *Thomsen v. Stantec, Inc.*, 785 F. Supp. 2d 20, 24 (W.D.N.Y. 2011) (dismissing FMLA interference claim because "as-yet-unrequested FMLA leaves in the future does not state a claim for interference with the taking of FMLA leave, since plaintiff had not given [his employer] any notice of the need for such leave."). *See also, Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016); *Millea v. Metro-North R.R.*, 658 F.3d 154, 161 (2d Cir. 2011); *De Figueroa v. N.Y. State*, 403 F. Supp. 3d 133, 155 (E.D.N.Y. 2019) (Chen, J.).

"The regulations promulgated pursuant to the FMLA explain that interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave[.]" *Potenza v. City of N.Y.*, 365 F.3d 165, 167 (2d Cir. 2004) (internal citation and quotations omitted). Plaintiff alleges "[u]pon information and belief, Defendants never informed Plaintiff of his rights under the FMLA, including his right to medical FMLA leave," (DE #15, ¶65) but "[f]ailure to notify an employee of FMLA procedures does not, in and of itself, constitute an interference with the exercise of those rights." *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 430 (S.D.N.Y. 2004). "Purported interference with FMLA rights must ultimately result in the denial of a benefit under the FMLA." *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 363 (S.D.N.Y. 2016). In turn, to assert a claim for denial of a benefit, one must have a valid claim to such benefit in the first place. Plaintiff did not, and the Amended Complaint contains no allegations supporting any entitlement.

Plaintiff expects the Court to assume his eligibility, offers his legal opinion that the leave he was granted "qualified as FMLA leave," and puts the two together to suggest that someone at the Hospital should have taken it upon themselves to offer him an unspecified amount of additional "paid or unpaid" leave in response to his altercation with a co-worker. DE #15, ¶¶30, 49, 54-55. That is not cognizable interference. *See, Barletta v. Life Quality Motor Sales Inc.*, 2016 U.S. Dist. LEXIS 123506, at *20 (E.D.N.Y. Sep. 12, 2016) (Irizarry, J.) ("Plaintiff, therefore, cannot establish that Defendants denied him [FMLA] benefits he never requested in the first place"). *See also Roff v. Low Surgical & Med. Supply, Inc.*, 2004 U.S. Dist. LEXIS 30845, at *25 (E.D.N.Y. May 11, 2004) (Feuerstein, J.) (dismissing FMLA interference claim, in part, because plaintiff failed to allege anticipated timing or duration of requested leave).

### 2.      Plaintiff Fails to State a Claim for Retaliation Under the FMLA

"To make out a prima facie case for FMLA retaliation, a plaintiff must establish: 1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Ziccarelli v. NYU Hosps. Ctr.*, 247 F. Supp. 3d 438, 447 (S.D.N.Y. 2017) (internal quotations omitted). "[T]o state a claim for retaliation under the FMLA, it is not enough to simply submit a request for FMLA leave; the plaintiff must demonstrate that []he actually had a right to such leave." *Horsting v. St. John's Riverside Hosp.*, 2018 U.S. Dist. LEXIS 65724, at *16 (S.D.N.Y. Apr. 18, 2018) (internal quotations omitted).

Like the Complaint before it, the Amended Complaint contains no allegations that could satisfy an FMLA retaliation claim. Plaintiff failed to exercise any rights under the FMLA because he was not entitled to any FMLA leave. There are no allegations to establish his entitlement to any FMLA leave, let alone to suggest that he was retaliated against for asserting FMLA rights he did not have, and which he did not assert.

Because of that deficiency, as well as Plaintiff's allegation that he was terminated "due to events over the weekend," the circumstances alleged in no way give rise to an inference of retaliatory intent. "[A] causal connection in retaliation claims can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory actions directed against the plaintiff by the defendant.'" *Ottley-Cousin v. MMC Holdings, Inc.*, 2019 U.S. Dist. LEXIS

76229, at \*54-55 (E.D.N.Y. May 6, 2019) (Brodie, J.). The Amended Complaint contains no such allegations. Plaintiff was fired the day he was due to return from bereavement leave because of the altercation, not because of FMLA leave that he was not entitled to, never requested, and never took.

### C.       Plaintiff's Remaining State and City Law Claims Should be Dismissed

"Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims." *Eskenazi-Mcgibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 238 (E.D.N.Y. 2015) (Spatt, J.). *See also, Brzak v. United Nations*, 597 F.3d 107, 133-114 (2d Cir. 2010).

Despite having been served with moving papers citing multiple cases discussing the deficiencies of Plaintiff's original allegations, the Amended Complaint has in no way addressed, much less rectified any of those deficiencies with regard to his State and City Law claims. Thus, although comity typically dictates that a federal court should decline to exercise supplemental jurisdiction over State and City Law claims when it has disposed of the only federal claims, if the Court chooses to adjudicate Plaintiff's State and City claims, dismissal is likewise warranted.

### 1.       Plaintiff Fails to State a Claim Under the NYSHRL
### (Third Cause of Action)

Claims of disability discrimination and retaliation under the NYSHRL are analyzed under the same standards as Plaintiff's ADA claims. *See Soto*, 2019 U.S. Dist. LEXIS 94225, at \*42; *Moore v. City of N.Y.*, 2017 U.S. Dist. LEXIS 379, at \*61-62 (S.D.N.Y. Jan. 3, 2017); *Fraser v. MTA Long Island Rail Rd.*, 307 F. Supp. 3d 105, 114 (E.D.N.Y. 2018) (Matsumoto, J). Accordingly, Plaintiff's State law disability discrimination and retaliation claims should be dismissed for the same reasons that his ADA claims fail.

### 2. Plaintiff Fails to State a Claim Under the NYCHRL (Fifth Cause of Action)

#### a. Plaintiff Fails to State a Claim for Disability Discrimination Under the NYCHRL

"[C]laims under the NYCHRL must be analyzed separately from federal and state law discrimination claims." *Szewczyk v Saakian*, 774 F. App'x 37, 38 (2d Cir. 2019). "[T]o state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive. [E]ven under this more liberal pleading standard, a plaintiff must plausibly allege that []he was subjected to unequal treatment because of h[is] protected characteristic.'" *Mauze v. CBS Corp*., 340 F. Supp. 3d 186, 209 (E.D.N.Y. 2018) (Dearie, J.) (internal citations and quotations omitted).

The Amended Complaint alleges that Plaintiff's only leave request was granted, that he took it, and that he was terminated nine days later after an altercation at work with a co-worker. There are no allegations supporting the notion that Plaintiff was treated less well than anyone else because of his alleged disability, even assuming he actually had one. *See, e.g., Gonzalez v. City of N.Y.*, 377 F. Supp. 3d 273, 301 (S.D.N.Y. 2019); *Rosen v. N.Y.C. Dep't of Educ.*, 2019 U.S. Dist. LEXIS 145380, at *25 (S.D.N.Y. Aug. 27, 2019) (dismissing NYCHRL discrimination claims). Any claim under the City law would thus be based on asking this Court to engage in pure speculation. Even the liberal standards of the City Law require more.

#### b. Plaintiff Fails to State a Claim for Retaliation Under the NYCHRL

"'[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that []he took an action opposing h[is] employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.'" *Chauca v. AdvantageCare Physicians, P.C.*, 2019 U.S. Dist. LEXIS 152074, at *19 (E.D.N.Y.

Sep. 5, 2019 (Cogan, J.). *See also, e.g., Brightman v. Prison Health Serv., Inc.,* 108 A.D.3d 739 (2d Dep't 2013). "While the NYCHRL has a less demanding standard [for retaliation], a plaintiff still must establish that there was a causal connection between [his] protected activity and the employer's subsequent action[.]" *Hui-Wen Chang v. N.Y.C. Dep't of Educ.*, 412 F. Supp. 3d 229, 252 (E.D.N.Y. 2019) (Matsumoto, J.).

For the same reasons his federal and State Law retaliation claims fail, so does Plaintiff's City Law retaliation claim: the Amended Complaint does not allege that Plaintiff took any action opposing his employer's discrimination prior to his termination. The only protected activity was Plaintiff's charge to the EEOC, which he filed more than seven months *after* he was terminated. DE #15-1. *See, Macshane*, 2015 U.S. Dist. LEXIS at n.21. Plaintiff thus fails plausibly to satisfy the elements of a claim for retaliation even under the NYCHRL.

### 3.   Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Seventh Cause of Action)

> To state a claim for breach of fiduciary duty, plaintiff must allege '(1) the existence of a fiduciary relationship; (2) a knowing breach of a duty that relationship imposes; and (3) damages suffered.'" *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 Fed.Appx. 472, 474 (2d Cir. 2009) (quoting *Carruthers v. Flaum*, 388 F.Supp.2d 360, 381 (S.D.N.Y. 2005).

> … The New York Court of Appeals has applied this doctrine in the context of improper disclosure of medical information, holding that, "a medical corporation's duty of safekeeping a patient's confidential medical information is limited to those risks that are reasonably foreseeable and to actions within the scope of employment."

*Ziccarelli*, 247 F. Supp. at 451 (quoting *Doe v. Guthrie Clinic*, 22 N.Y. 3d 480, 485 [N.Y. 2014]).

Plaintiff alleges that his termination was actually, secretly the result of unnamed people, on an unspecified date or dates, sharing his unspecified confidential medical information with other unnamed people "for the purpose of" causing his termination. DE #15, ¶¶58-60. Despite acknowledging that multiple people witnessed the altercation, he ventures to guess that these

unidentified people must have told his unnamed supervisors about the underlying medical reason for his hospitalization at the time of the altercation, and that this is the true reason for his dismissal, not the fact that Plaintiff was involved in an altercation so alarming that it resulted in him being banned from the premises.

Plaintiff's allegations regarding this vast conspiracy among twenty people are nothing more than rank speculation, unsupported by any facts sufficient to plead a *prima facie* case, as made evident by the fact that Plaintiff has failed to identified any of the John Does or Jane Roes; the substance of the information they are alleged to have transmitted; the identities of anyone who allegedly received such information; or the identities of anyone who decided to act discriminatorily upon such information. "[C]auses of action in a complaint must be based on factual allegations, not factual speculation." *Enzymotec Ltd.*, 754 F. Supp. 2d at 537 (Spatt, J.). *See also, Norman v. Metro. Transp. Auth.*, 2014 U.S. Dist. LEXIS 129010 (E.D.N.Y. Sep. 15, 2014) (Matsumoto, J.) (dismissing federal and state claims with prejudice because "speculation" and "conclusory statement[s] [] cannot defeat an otherwise meritorious motion to dismiss"); *In re China XD Plastics Co. Ltd. Sec. Litig.*, 2016 U.S. Dist. LEXIS 37951, at *18-20 (S.D.N.Y. Mar. 23, 2016).

To the extent Plaintiff means to allege that alerting his supervisors that he was involved in the altercation was somehow an improper disclosure of protected health information, it obviously is not. Nor is the fact that Plaintiff was present at the Hospital. *See*, 45 C.F.R. § 160.103. *See also, e.g., Gratton v. UPS, Inc.*, 2008 U.S. Dist. LEXIS 108700, at *11-12 (E.D.N.Y. Nov. 14, 2008) (Tomlinson, J.); *Nat'l Abortion Fed'n v. Ashcroft*, 2004 U.S. Dist. LEXIS 4530, at *7 (S.D.N.Y. Mar. 18, 2004). In fact, the Amended Complaint makes clear that Plaintiff has no idea what information was communicated by anyone to anyone. His allegations are nothing more than a speculative theory, not entitled to any presumption of truth.

Plaintiff alleges that the Does and Roes were acting in the course of their employment when they disclosed his medical information. DE #15, ¶61. "This is a legal conclusion, not an asserted fact." *Ziccarelli,* 247 F. Supp. at 452, fn.6 (dismissing breach of fiduciary duty claim against hospital where the plaintiff did "not allege sufficiently that any Individual Defendant improperly disclosed Plaintiff's medical information"). No factual allegations support that legal conclusion.

Moreover, the allegations that disclosure of private medical information by unidentified people, or the improper use of that information by other unidentified people for the purpose of terminating Plaintiff was "reasonably foreseeable" are undermined by the Plaintiff's inability to identify anyone. If Plaintiff does not know who any of these people are or what information was allegedly disclosed, how could their propensity to share confidential medical information be reasonably foreseeable by the Hospital?[18]

In addition, the allegation that that his supervisors "could only have been made aware of the verbal altercation through obtaining his records or being directly informed by staff that Plaintiff was under the medical care of [*sic*] during the verbal altercation" (DE #15, ¶44) is not only illogical and absurd on its face, it is negated by his allegation "his supervisors and co-workers [already]

---

[18] To the extent that Plaintiff is attempting to assert this claim based on a statutory violation (DE #15, ¶¶58, 103), the New York Court of Appeals has held that no such claim lies.

> [A] cause of action for breach of fiduciary duty of confidentiality for unauthorized disclosure of medical records or information does not arise from a statutory right or evidentiary rules (*Lightman v. Flaum*, 97 NY2d 128, 136 [2001]; *Daly v. Metropolitan Life Ins. Co*., 4 Misc. 3d 887 [Sup Ct. New York County 2004]). In *Lightman* …, the Court of Appeals specifically found that the evidentiary rules set forth in article 45 of the CPLR, including CPLR 4504, are not the source of the underlying duties of fiduciary duty of confidentiality which exist in a confidential relationship, such as physician-patient, and article 45 does not establish the parameters of those fiduciary relationships. … Similarly, the courts have held that HIPAA and the Privacy Rules (45 CFR parts 160, 164) promulgated thereunder do not create a private cause of action.

*Jurado v. Kalache*, 29 Misc. 3d 1005, 1008-09 (Westchester Cnty. Sup. Ct. 2010) (string citations omitted).

knew that he requested leave [on October 27, 2018] because of the exasperation [*sic*] of his mental health symptoms due the death of his partner's daughter." *Id*., at ¶48.

Every allegation related to this claim is speculative, at best. *See, e.g., Wright v. Eastman Kodak Co.*, 550 F. Supp. 2d 371, 381 (W.D.N.Y. 2008) (dismissing claim based on "an assumption which is based on his 'paranoia' concerning [] management.").

### 4.   Plaintiff Fails to State a Claim for Negligent Hiring, Training, Retention and/or Supervision (Eighth Cause of Action)

Plaintiff's claim of negligent hiring, training, retention, and/or supervision (in addition to being duplicative of his infirm claim for Breach of Fiduciary Duty) is based on his speculative assumption that, although he was terminated "due to events over the weekend," he could only truly have been terminated as a result of unidentified people improperly sharing his unspecified confidential medical information (six months after they first became aware of it during his May, 2018 hospitalization), and that their propensity for sharing confidential medical information was reasonably foreseeable. The law recognizes no cause of action under the circumstances alleged in the Amended Complaint.

> To state a claim for negligent hiring, supervision, and retention, the plaintiff must allege that the "defendant knew of the employee's propensity to commit the alleged acts or that defendant should have known of such propensity had it conducted an adequate hiring procedure." *Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist.*, 702 F. Supp. 2d 122, 135 (E.D.N.Y. 2010) (quoting *Honohan v. Martin's Food of S. Burlington*, 255 A.D.2d 627, 628, 679 N.Y.S.2d 478 (3d Dep't 1998)) (internal alterations omitted); *see also Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 532 (S.D.N.Y. 1998) ("To survive a motion to dismiss a claim of negligent supervision, a plaintiff must plead facts that show that the employer knew of the employee's propensity for the type of behavior that caused plaintiff's harm."). Furthermore, to prevail on a claim for negligent supervision, hiring, or retention, the defendant's negligence must be causally related to the plaintiff's alleged injuries.

*N.U. v. E. Islip Union Free Sch. Dist.*, 2017 U.S. Dist. LEXIS 224461, at *60-61 (E.D.N.Y. Sep. 15, 2017) (Feuerstein, J.). *See also, Sherman v. City of N.Y.*, 2019 U.S. Dist. LEXIS 83010

(E.D.N.Y. May 16, 2019) (Ross, J.); *Baez v. Jetblue Airways Corp.*, 2009 U.S. Dist. LEXIS 67020, at \*15 (E.D.N.Y. Aug. 3, 2009) (Sifton, J.) ("the common thread running through each of these theories is that the defendant must exhibit a mental state of 'deliberate indifference' to a known injury, risk, or duty, and that the failure to perform such duty or to ameliorate such risk proximately caused the constitutional violation.").

"Under New York law, where an employee acts within the scope of his or her employment [as Plaintiff alleges in the case at bar (DE #15, ¶61)], the employer cannot be held liable for a claim of negligent hiring, retention, or training." *Barnville v. Mimosa Cafe*, 2014 U.S. Dist. LEXIS 94691, 2014 WL 3582878, at \*2 (S.D.N.Y. July 10, 2014). *See also*, *Weinberg v. Guttman Breast & Diagnostic Inst.*, 254 A.D.2d 213 (1st Dep't. 1998) ("[P]laintiff's claims against the [defendant] alleging that it negligently supervised and retained its employees should have been dismissed . . . where, as here, an employee is acting within the scope of his or her employment"). "The reason for this rule is that 'if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training." *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 263-64 (E.D.N.Y. 2014) (Spatt, J.) (collecting cases) (string citations omitted). Moreover, "'[a]lmost every case where a New York court has recognized a negligent retention claim involved significant physical injury to the plaintiff.'" *Id.,* at 264. The Amended Complaint contains no such allegations.

## V.    CONCLUSION

Based upon the foregoing, the Hospital respectfully requests that the Court grant its motion to dismiss the Amended Complaint in its entirety with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:  April 14, 2020
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Valerie K. Ferrier*
　　　　　　　　　　　　　　　　　　　　　Valerie K. Ferrier, Esq.
　　　　　　　　　　　　　　　　　　　　　Edward E. Warnke, Esq.
　　　　　　　　　　　　　　　　　　　　　Martin Clearwater & Bell, LLP
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　*Medisys Health Network, Inc. d/b/a*
　　　　　　　　　　　　　　　　　　　　　*Jamaica Hospital Medical Center*
　　　　　　　　　　　　　　　　　　　　　220 East 42nd Street, 13th Fl.
　　　　　　　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　　　　　　　Tel: (212) 916-0920
　　　　　　　　　　　　　　　　　　　　　valerie.ferrier@mcblaw.com
　　　　　　　　　　　　　　　　　　　　　edward.warnke@mcblaw.com